UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS M. GARCIA,<br><br>                    Petitioner,<br><br>        v.<br><br>RANDY VALLEY,<br><br>                    Respondent. | Case No. 1:25-cv-00467-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Jesus M. Garcia has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. *See Pet.*, Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF PETITION

### 1.    Background

In a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of second-degree murder, aggravated battery, use of a firearm or deadly weapon, and possession of a controlled substance. Petitioner was sentenced to a unified term of life in prison with 25 years fixed. Petitioner

unsuccessfully pursued a direct appeal as well as state post-conviction relief. *Pet*. at 1–3.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings the following claims:

Claim 1:    The trial court abused its discretion, and violated Petitioner's right to a fair trial, by admitting certain photographs into evidence and allowing a certain witness to testify about personality and character.

Claim 2:    The prosecutor committed misconduct, and deprived Petitioner of his right to an impartial jury, by "appealing to the emotions, passions, and prejudices of the jury."

Claim 3:    Ineffective assistance of trial counsel based on counsel's failure "to use proper" objections to certain trial exhibits.

Claim 4:    Ineffective assistance of trial counsel based on the failure to request a jury instruction on justifiable homicide.

Claim 5:    Ineffective assistance of trial counsel based on counsel's failure to move to excuse a biased juror.

Claim 6:    Ineffective assistance of trial counsel based on counsel's failure to make a second motion to excuse a different juror.

Claim 7:    Cumulative error.

Claim 8:     The trial court abused its discretion by imposing an excessive

sentence.

*Id*. at 6–13.

**2.    Discussion**

The Court is required to review a habeas corpus petition upon receipt to

determine whether it is subject to summary dismissal. Habeas Rule 4. Summary

dismissal is appropriate where "it plainly appears from the face of the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court."

*Id*.

Federal habeas corpus relief is available to prisoners who are held in custody

under a state court judgment that violates the Constitution, laws, or treaties of the

United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations

of state law, such as claims that the state trial court abused its discretion. *Lewis v.

Jeffers*, 497 U.S. 764, 780 (1990).

A petitioner must "exhaust" his state court remedies before pursuing a claim

in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a

habeas petitioner must fairly present it as a federal claim to the highest state court

for review in the manner required by state law. *See O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *See Pet*. at 16. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent

petitioner in any case where required by the interests of justice. 28 U.S.C. §

2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns

on the petitioner's ability to articulate the claims in light of the complexity of the

legal issues and the petitioner's likelihood of success on the merits. *See Weygandt*

*v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in

the record (Dkt. 3), it is unlikely that Petitioner will be able to meet the strict

standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus.

Therefore, the Court will deny the request for appointment of counsel without

prejudice. The Court will notify the parties if it determines, at a later date, that

appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is

        GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner

        next receives funds in Petitioner's prison trust account.

2.      Petitioner's request for appointment of counsel (contained in the

        Petition) is DENIED without prejudice.

3.      The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt.

        3), along with any attachments, together with a copy of this Order, on

L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's

registered ECF address.

4.      Within 120 days after service of the Petition, Respondent may file

either of the following: (1) a motion for summary dismissal or partial

summary dismissal on procedural grounds (which may be followed by

an answer on the merits if the motion is unsuccessful); or (2) an

answer on the merits that also includes a brief summary (between one

paragraph and several pages) of any procedural defenses for any

claims (which may be argued in the alternative). The Court may

consider the merits of claims that may be subject to a procedural bar if

the merits analysis is more straightforward than a complicated

procedural analysis.

5.      Respondent must file with the responsive pleading or motion, or

within a reasonable time thereafter, a copy of all portions of the state

court record previously transcribed that are relevant to a determination

of the issues presented. Any presentence investigation reports or

evaluations—which must be provided to the Court if the petition

contains any sentencing claims—must be filed under seal. The

lodging of the remainder of the state court record, to the extent that it

is lodged in paper format, is exempt from the redaction requirements,

INITIAL REVIEW ORDER - 6

as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

6.     If the response to the habeas petition is an answer, Petitioner must file a reply, containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

7.     If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

8.     In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court,

Respondent must also include citations to the underlying lower court record.

9.    If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

10.    No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

11.    No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

12.    The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

13.    Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon

the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

14.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

15.     Petitioner must at all times keep the Court and Respondent advised of any change in address.

INITIAL REVIEW ORDER - 9

16.    If Petitioner's custodian changes at any point during this litigation,

Petitioner must file a Notice of Substitution of Respondent, within 28

days of such change, identifying the person who is substituted as

Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: September 9, 2025

Honorable Debora K. Grasham
United States Magistrate Judge

INITIAL REVIEW ORDER - 10