UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS M. GARCIA,<br><br>Petitioner,<br><br>v.<br><br>RANDY VALLEY,<br><br>Respondent. | Case No. 1:25-cv-00467-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Jesus M. Garcia ("Petitioner" or "Garcia"), challenging Petitioner's state court convictions. Dkt. 3. Respondent has filed a Motion for Partial Summary Dismissal, which is now ripe for adjudication.[1] Dkt. 12.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 11; *see* Fed. R. Evid. 201(b).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkts. 5, 8. Having carefully reviewed the

[1] The Court will grant Respondent's Motion for Extension of Time to File Reply Brief. Dkt. 25.

record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing Claims 1, 3, 5, 6, and 8 with prejudice as procedurally defaulted. Alternatively, the Court dismisses Claim 8 and a portion of Claim 1 because those claims are not cognizable in federal habeas corpus.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Garcia*, 462 P.3d 1125 (Idaho 2020), which is also contained in the record as State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of second-degree murder, aggravated battery, possession of a controlled substance, and a sentencing enhancement for use of a deadly weapon. He received concurrent terms resulting in an aggregate sentence of life in prison with 25 years fixed. *Garcia*, 462 P.3d at 1131. The Idaho Supreme Court affirmed Petitioner's convictions.[2]

---

[2] The state supreme court remanded in part due to an error in the restitution proceedings. *B-4* at 22–25. The trial court held a second restitution hearing, and the new restitution award was affirmed on appeal. *C-1*.

Petition later filed a petition for state post-conviction relief. *D-2* at 9–15. The state district court dismissed the petition. *Id*. at 1019–26. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *E-4; E-6*.

In the instant Petition, Petitioner asserts the following claims:

> Claim 1: The trial court abused its discretion, and violated Petitioner's right to a fair trial, by admitting certain photographs into evidence and allowing a certain witness to testify about personality and character.
>
> Claim 2: The prosecutor committed misconduct, and deprived Petitioner of his right to an impartial jury, by "appealing to the emotions, passions, and prejudices of the jury."
>
> Claim 3: Ineffective assistance of trial counsel based on counsel's failure "to use proper" objections to certain trial exhibits.
>
> Claim 4: Ineffective assistance of trial counsel based on the failure to request a jury instruction on justifiable homicide.
>
> Claim 5: Ineffective assistance of trial counsel based on counsel's failure to move to excuse a biased juror.
>
> Claim 6: Ineffective assistance of trial counsel based on counsel's failure to make a second motion to excuse a different juror.
>
> Claim 7: Cumulative error.
>
> Claim 8: The trial court abused its discretion by imposing an excessive sentence.

*Init. Rev. Order*, Dkt. 6, at 2–3 (quoting *Pet*. at 6–13).

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id.* at 4.

## DISCUSSION

### 1. Standard of Law Governing Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### 2. Claim 8 and a Portion of Claim 1 Are Noncognizable

Claim 8 alleges that the state court abused its discretion in imposing an excessive sentence. This claim is noncognizable because it is based entirely on Idaho state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (stating that federal habeas relief is available "only for

constitutional violation[s], not for abuse of discretion"); *Hayes v. Page*, No. 1:16-CV-00386-BLW, 2017 WL 3709052, at *6 (D. Idaho Aug. 28, 2017) (unpublished) ("An 'abuse of discretion' claim is a state law claim.").

In Claim 1, Petitioner asserts a claim that the trial court abused its discretion, and violated Petitioner's right to a fair trial, in certain evidentiary rulings. The portion of Claim 1 alleging an abuse of discretion is not cognizable for the same reason as Claim 8.

However, the portion of Claim 1 asserting that Petitioner was denied his right to a fair trial is sufficient to invoke the Due Process Clause of the Fourteenth Amendment. Though Petitioner is now represented by counsel, he initially filed his Petition pro se. Accordingly, the Court liberally construes this portion of Claim 1 to assert a federal constitutional claim.

The Court now turns to Respondent's procedural default argument.

**3. Claims 1, 3, 5, 6, and 8 Are Procedurally Defaulted**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct such alleged errors at each level of appellate review. *Id.* at 845. In a state that has

the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are defaulted in the following situations: (1) when a petitioner completely failed to raise a claim before the Idaho courts; (2) when a petitioner raised a similar claim but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In this case, the most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

On direct appeal from his convictions and sentences, Petitioner raised the following arguments: (1) the trial court abused its discretion in evidentiary rulings

admitting "in-life" photos and testimony about the victim's character; (2) the prosecutor committed misconduct when referring to this evidence in closing argument; (3) Petitioner was denied due process because of the cumulative effect of these trial errors; and (4) the trial court abused its discretion in imposing a sentence and in ordering restitution. *B-1*; *see also Garcia*, 462 P.3d at 1131. The prosecutorial misconduct claim raised on direct appeal corresponds to that asserted in Claim 2 of the Petition, and the cumulative error claim corresponds in part to Claim 7.[3]

In his direct appeal, Petitioner also raised claims *similar to* Claims 1 and 8—challenges to evidentiary rulings and to Petitioner's sentences. However, Petitioner presented these claims only as abuse-of-discretion claims under Idaho state law, not as federal constitutional claims, and the Idaho Supreme Court addressed them as such.

It is true that the Idaho Supreme Court referred to *Chapman v. California*, 386 U.S. 18 (1967), when determining that one of Petitioner's evidentiary challenges failed because the error was harmless. However, the court explained

---

[3] Claim 7 will necessarily be narrowed by the Court's procedural default ruling. *See, e.g., Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 916 (10th Cir. 2019) ("Cuesta-Rodriguez's ineffective-assistance claims, having been ruled procedurally barred, have no place in our cumulative-error analysis."); *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) ("[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) *the errors were not procedurally defaulted for habeas purposes*; and (3) the errors "so infected the entire trial that the resulting conviction violates due process.") (emphasis added) (internal quotation marks omitted).

that it was not applying *Chapman* to a federal constitutional error, but rather because Idaho has adopted the *Chapman* standard of harmless error with respect to state law claims. *Garcia*, 462 P.3d at 1137 n.8 ("We recognize that *Chapman v. California*, articulates the harmless error standard for *constitutionally* based errors. Federal courts apply a different harmless error standard for non-constitutional errors. However, in [*State v.*] *Perry*, [245 P.3d 961 (Idaho 2010)], this Court expanded *Chapman*'s application to non-constitutional errors accompanied by contemporaneous objections.") (internal citations omitted). Because Claims 1 and 8 were presented to the Idaho Supreme Court only as state law claims, Petitioner's direct appeal did not serve to fairly present them as federal claims.

On appeal from the dismissal of Petitioner's state post-conviction petition, Petitioner raised only one claim—that his trial counsel was ineffective for not requesting a jury instruction on justifiable homicide. *E-1*. This corresponds to Claim 4 of the Petition. Because Petitioner did not raise any of his other federal claims, his post-conviction appeal did not properly exhaust those claims.

Accordingly, Claims 1, 3, 5, 6, and 8 are procedurally defaulted and must be dismissed.[4]

---

[4] Petitioner does not argue that he is excused from default under either the cause-and-prejudice exception or the actual innocence exception. *See generally Memo. in Opp. to Mot. Part. Summ. Dis.*, Dkt. 24; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Reply Brief (Dkt. 25) is GRANTED.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 12) is GRANTED, and Claims 1, 3, 5, 6, and 8 are DISMISSED with prejudice as procedurally defaulted. Alternatively, Claim 8 and the abuse-of-discretion portion of Claim 1 are DISMISSED with prejudice as noncognizable.

3. Respondent must file an answer to the remaining claims (Claims 2, 4, and 7) within 60 days of the date of this Order. Petitioner must file a reply rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: August 17, 2026

Honorable Debora K. Grasham
United States Magistrate Judge